# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTOPHER B. REED, 470921

       Petitioner,

v.                                      Case no. 08-11045
                                       Honorable John Corbett O'Meara

HUGH WOLFENBARGER,

       Respondent.

_____/

## ORDER GRANTING PETITIONER'S "MOTION TO HOLD PROCEEDINGS IN ABEYANCE" AND ADMINISTRATIVELY CLOSING CASE

Christopher B. Reed ("Petitioner"), presently confined at Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for two counts of armed robbery Mich. Comp. Laws § 750.529; first-degree home invasion, Mich. Comp. Laws § 750.110a(2); possession of burglar's tools, Mich. Comp. Laws § 750.116; felon in possession of a firearm, Mich. Comp. Laws § 750.224f; carrying a concealed weapon, Mich. Comp. Laws § 750.227; resisting and obstructing a police officer, Mich. Comp. Laws § 750.81d(1); and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b.  Petitioner was sentenced as a third habitual offender, Mich. Comp. Laws § 769.11, to fourteen to twenty-five years in prison for each of his armed robbery convictions, six to twenty years in prison for his first-degree home invasion conviction, five to ten years imprisonment for his possession of burglar's tools conviction, forty to sixty months imprisonment for his carrying a concealed weapon conviction, one to two years for resisting and obstructing charge, and two years for the felony firearm conviction.   He completed

direct appeals in the state courts on April 24, 2007.

Petitioner filed his habeas petition in this Court on March 11, 2008. Respondent filed its answer on September 17, 2008. He argues that: Petitioner's first claim is barred by the concurrent sentence doctrine; the second habeas claim procedurally defaulted, not cognizable for habeas review and without merit; and the third, fourth and fifth claims fail because they are without merit. Now pending before the Court is Petitioner's "Motion to Hold Proceedings in Abeyance," filed contemporaneously with his "Rebuttal to Respondent's Answer." In his motion, Petitioner explains that he wants to return to the state courts and exhaust his remedies as to the claim of actual innocence.

For the reasons that follow, the Court will grant Petitioner's motion and administratively close the case.

## I. Background

Petitioner was convicted of the above offenses following a jury trial in Wayne County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Reed,* No. 263509 (Mich. Ct. App. Nov. 21, 2006); lv. den. 477 Mich. 1114; 729 N.W. 2d 872 (2007). The habeas petition before the Court raises the following claims:

> I. Petitioner's conviction of possession of a weapon by a convicted felon must be reversed because it is not supported by evidence sufficient to establish his guilt beyond a reasonable doubt.
>
> II. Petitioner was denied due process and the right to a trial before a properly instructed jury because the trial court gave erroneous reasonable doubt instructions. If counsel forfeited the error by stating his approval of them, Petitioner was denied his constitutional right to the effective assistance of counsel.
>
> III. Petitioner was denied his constitutional right to the effective assistance of counsel for failing to object to the trial court's erroneous jury instructions on reasonable doubt and insufficient evidence to convict of felon in possession of a

firearm.

IV. The Michigan court decision denying Petitioner relief on his claim of ineffective assistance of trial counsel for failure to object to the erroneous reasonable doubt instructions resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, and resulted in a decision that was based on an unreasonable application of United States Supreme Court precedent in light of the evidence presented in the State court proceedings.

V. The Michigan court decision denying Petitioner relief on his claim of erroneous reasonable doubt instructions resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

## II. Discussion

State prisoners must "fairly present" their claims in each appropriate state court before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. See *Regan v. Hoffner,* 209 F. Supp. 2d 703, 710, n. 3 (E.D. Mich. 2002)(citing *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Absent unusual or exceptional circumstances, courts must dismiss habeas petitions containing any claims that have not been fairly presented to the state court. *Rose v. Lundy*, 455 U.S. 509, 510 (1982); *O'Guinn v. Dutton*, 88 F.3d 1409, 1412-13 (6th Cir. 1996).

In his motion Petitioner states that he seeks to exhaust his claim of actual innocence based on newly discovered evidence. Petitioner states that this claim was not raised in the state courts because he did not have the evidence to support it. Petitioner has recently obtained an affidavit which he claims substantiates his actual innocence claim and he wishes to pursue collateral review on the issue and then proceed in federal court on habeas review as necessary. A dismissal of this

3

action could result in a subsequent habeas petition being barred by the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *See* 28 U.S.C. § 2244(d). In light of this dilemma, courts are not precluded from:

> retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies. Indeed, there is every reason to do so when AEDPA gives a district court the alternative of simply denying a petition containing unexhausted but nonmeritorious claims, *see* 28 U.S.C. § 2254(b)(2) (1994 ed., Supp. V), and when the failure to retain jurisdiction would foreclose federal review of a meritorious claim because of the lapse of AEDPA's 1-year limitations period.

*Duncan v. Walker*, 533 U.S. 167, 182-83 (2001) (Stevens, J., concurring). A federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance, however, are "available only in limited circumstances," such as:

> when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").
>
> . . . . And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all. *See* [*Zarvela v. Artuz*, 254 F.3d 374, 380-81 (2d Cir. 2001)].

*Rhines v. Weber*, 544 U.S. at 277-78.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rule 6.500. See *Mikko v. Davis,* 342 F. Supp. 2d 643, 646 (E.D. Mich. 2004). Petitioner could therefore exhaust his claims by filing a post-

conviction motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C). Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. See *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

Petitioner states that the actual innocence issue was not exhausted because he had no evidence to substantiate his claim until September 2008, when he received an affidavit from Christopher Chrispen, which exonerates him of the crimes for which he has been convicted. (Mot., Ex. 2A). The affidavit, dated September 8, 2008, states that Christopher Chrispen committed the armed robbery along with a gentleman named Antonio Ali-Waris Rivera; and that Petitioner "had no knowledge whatsoever that me and Antonio Ali-Waris Rivera had robbed the Stefonouski's.". (*Id*. at pg. 2, ¶3). Petitioner maintains that he did not commit the above referenced offenses and is actually innocent.

Petitioner has shown "good cause" for not exhausting state remedies earlier by demonstrating that he acquired new evidence supporting his claim of actual innocence after he filed his habeas petition. Petitioner's claims do not appear plainly meritless. Additionally, he does not appear to be engaged in abusive litigation tactics or intentional delay, and although, "a claim of 'actual innocence' is not itself a constitutional claim," *Herrera v. Collins*, 506 U.S. 390, 404 (1993), Respondent alleges that one of Petitioner's claims is procedurally defaulted. A showing of actual innocence is "a gateway through which a habeas petitioner must pass to have his otherwise barred

constitutional claim considered on the merits." *Id*. A gateway claim "does not require absolute certainty about the petitioner's guilt or innocence." *House v. Bell*, 126 S. Ct. 2064, 2077 (2006). "A petitioner's burden at the gateway stage is to demonstrate that . . . more likely than not any reasonable juror would have reasonable doubt" in light of the new evidence. *Id*.  It would not be an abuse of discretion to stay this case while Petitioner exhausts state remedies for his claim of actual innocence.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that petitioner does not delay in exhausting his state court remedies, the Court imposes upon petitioner time limits within which he must proceed. See *Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002). Petitioner must present his claims in state court within sixty (60) days from the date of this Order. See *Id.* Further, Petitioner must ask this Court to lift the stay within sixty (60) days of exhausting his state court remedies. See *Id.*; See also *Abela v. Martin*, 348 F.3d 164, 170 (6th Cir. 2003). "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

The Court will also direct the Clerk of the Court to administratively close the case.

### III. Conclusion

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion to Hold Proceedings in Abeyance" [Dkt. # 8] is **GRANTED**, and this case is **STAYED**. The stay is conditioned on Petitioner presenting his unexhausted claims to the state courts within **sixty (60) days** of this order if he has not already done

so. See *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002). The stay is further conditioned on Petitioner's return to this Court with an amended petition, using the same caption and case number, and also served upon Respondent within **sixty (60) days** of exhausting his state court remedies. Should Petitioner fail to comply with these conditions, his case may be subject to dismissal with prejudice.

**IT IS FURTHER ORDERED** that upon Petitioner's return to the Court that Respondent file a supplemental answer to the amended petition within **ninety (90) days** of receiving service of the amended habeas petition. Petitioner shall have **thirty (30) days** from the date of the responsive pleading to submit a reply.

**IT IS FURTHER ORDERED** that, as part of the answer, Respondent shall file with the Clerk a copy of the relevant transcripts, the relevant appellate briefs submitted by Petitioner and the prosecution, and the state appellate opinions and orders that were a part of the collateral review of Petitioner's unexhausted claims.

**IT IS FURTHER ORDERED** that the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry is meant to be an adjudication on the merits of Petitioner's claims. See *Sitto v. Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).

                                                      s/John Corbett O'Meara
                                                      United States District Judge

Date: September 21, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, September 21, 2009, using the ECF system and/or ordinary mail.

                                            s/William Barkholz
                                            Case Manager