UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER B. REED,

                    Petitioner,                          Case No. 5:08-cv-11045
                                                         Hon. John Corbett O'Meara
v.

HUGH WOLFENBARGER,

                    Respondent.
_____/


**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) DENYING PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner was convicted after a jury trial in the Wayne Circuit Court of armed robbery, MICH. COMP. LAWS § 750.529, first-degree home invasion, Mich. Comp. Laws § 750.110a(2), possession of burglar's tools, MICH. COMP. LAWS § 750.116, felon in possession of a firearm, Mich. Comp. Laws § 750.224f, carrying a concealed weapon, MICH. COMP. LAWS § 750.227, resisting and obstructing a police officer, MICH. COMP. LAWS §750.81d(1), and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. As a result of these convictions, Petitioner was sentenced as a third habitual offender to 14-to-25 years in prison for each of his armed robbery convictions, 6-to-20 years in prison for his first-degree home invasion conviction, 5-to-10 years in prison for his possession of burglar's tools conviction, 40-to-60 months in prison for his felon in possession of a firearm conviction, 40-to-60 months in prison for his carrying a concealed weapon conviction, 1-to-2 years in prison for his resisting and obstructing a police officer

conviction, and a consecutive two-year term for his felony-firearm conviction.

The amended habeas petition enumerates six claims:

I. Petitioner's conviction of possession of a weapon by a convicted felon must be reversed because it is not supported by evidence sufficient to establish his guilt beyond a reasonable doubt.

II. Petitioner was denied due process and the right to a trial before a properly instructed jury because the trial court gave erroneous reasonable doubt instructions. If counsel forfeited the error by stating his approval of them, Petitioner was denied his constitutional right to the effective assistance of counsel.

III. Petitioner was denied his constitutional right to the effective assistance of counsel for failing to object to the trial court's erroneous jury instructions on reasonable doubt and insufficient evidence to convict of felon in possession of a firearm.

IV. The Michigan court decision denying Petitioner relief on his claim of ineffective assistance of trial counsel for failure to object to the erroneous reasonable doubt instructions resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, and resulted in a decision that was based on an unreasonable application of United States Supreme Court precedent in light of the evidence presented in the State court proceedings.

V. The Michigan court decision denying Petitioner relief on his claim of erroneous reasonable doubt instructions resulted in a decision that was contrary to clearly established federal law, as determined by the Supreme Court of the United States, and resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

VI. Inadequate performance from trial and appellate counsel resulted in sufficient prejudice to demonstrate a breakdown occurred in the adversary process, a breakdown so severe it rendered petitioner's trial and appeal result unreliable.

The petition will be denied because Petitioner's claims are without merit. The Court

will also deny Petitioner a certificate of appealability and deny him permission to proceed

on appeal in forma pauperis.

I. Background

This Court recites verbatim the relevant facts relied upon by the state trial court in

its opinion denying Petitioner's motion for relief from judgment, which are presumed correct

on habeas review pursuant to 28 U.S.C. § 2254(e)(1). See *Wagner v. Smith*, 581 F.3d 410,

413 (6th Cir. 2009):

> The evidence in this case showed that two men, one dressed in black and the other in red, broke into the home of an elderly husband and wife. Each man possessed a firearm. The victims were encountered in separate bedrooms. Money in a red steel box was taken from one of the bedrooms. Then the two men took the victims to the basement. One of the victims was forced to open a safe. While in the basement, one of the men made a phone call. The victims testified that the men took approximately $100,000 from the safe, placed this money in a flower-print pillow case, and left.

> By sheer coincidence, Dearborn police officers had been dispatched to the immediate area on an unrelated matter. About two blocks from the victims' home, the Dearborn police officers saw two men walking on the street. As the police approached the two, they ran in opposite directions. One was wearing black and the other was wearing red. One officer chased Reed, who was wearing a red sweatshirt. This officer testified that during the pursuit, he saw Reed toss a gun and as he caught up with him, he saw the defendant throw a flowered pillow case. The pillow case was recovered and it contained a large some of money, two pry bars, and a document that had the victims' address. Surmising that a crime had just occurred in the immediate area, the officers detained the defendant and Crispen, who was apprehended by the other officer. Crispen pled guilty to the charges.

> The defendant testified that he did not participate in the robbery. He said that he was at a friend's house. While at the friend's house, he received a telephone call from one of the perpetrators of the robbery. This person called to have defendant meet him at a nearby park in order to pay the outstanding debt. This person gave him a pillow case that contained money.

*People v. Reed*, No. 04-003329-02, Order, *1-2 (Wayne County Cir. Ct. April 19, 2010).

Following his conviction and sentence, Petitioner filed a claim of appeal in

the Michigan Court of Appeals, raising the following claims:

I. Defendant-Appellant's conviction of possession of a weapon by a convicted

felon must be reversed because it is not supported by evidence sufficient to establish his guilt beyond a reasonable doubt.

II. The prosecutor denied defendant-appellant a fair trial by disparaging defense counsel. If trial counsel waived the error by failing to object, he deprived defendant-appellant of effective assistance of counsel.

III. Defendant-Appellant was denied due process and the right to a trial before a properly instructed jury because the trial court gave erroneous reasonable doubt and aiding and abetting instructions. If trial counsel forfeited the error by stating his approval of them, defendant denied the effective assistance of counsel.

IV. This court must remand for corrections to the pre-sentence report because information which the court ordered stricken remains in the report.

Petitioner also filed a pro se supplemental brief with the Court of Appeals, raising one additional claim:

I. Defendant-Appellant's trial defense was in error when defense attorney failed to call defendant's co-defendant to testify to the fact that defendant-appellant was not at the crime scene nor was defendant-appellant a participant in the home-invasion, assault, or armed robbery of the victims. Nor was defendant-appellant in possession of a firearm by a convicted felon or carrying a concealed weapon-this shows ineffectiveness of counsel.

The Michigan Court of Appeals affirmed Petitioner's conviction in an unpublished opinion, but remanded the case to the trial court to correct information in the pre-sentence investigation report. *People v. Reed*, No. 263509 (Mich. Ct. App. Nov. 21, 2006).

Petitioner then filed an application for leave to appeal in the Michigan Supreme Court, raising the same claims. The Michigan Supreme Court denied the application because it was not persuaded that the questions presented should be reviewed by the Court. *People v. Reed*, 477 Mich. 1114 (2007)(table).

Petitioner subsequently filed his initial habeas petition with this Court on March 11, 2008. Respondent filed an answer on September 17, 2008. Petitioner then filed a motion

to stay the petition so he could return to state court and exhaust additional claims. The

Court granted the motion and ordered the case to be stayed and held in abeyance on

September 21, 2009.

Petitioner returned to the trial court and filed a motion for relief from judgment,

raising the following claim:

> I. Inadequate performance from trial and appellate counsel resulted in
> sufficient prejudice to demonstrate a breakdown occurred in the adversary
> process, a breakdown so severe it rendered petitioner's trial and appeal
> result unreliable.

The trial court denied the motion for relief from judgment in an opinion and order

dated April 19, 2010.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals.

The Michigan Court of Appeals denied the application for leave to appeal for failure to

establish entitlement to relief under Michigan Court Rule 6.508(D). *People v. Reed*, No.

303178 (Mich. Ct. App. Sept. 20, 2011). Petitioner applied for leave to appeal this decision

in the Michigan Supreme Court, but the application was likewise denied under Rule

6.508(D). *People v. Reed*, 491 Mich. 940 (2012) (table).

Petitioner then filed a motion to reopen his habeas case, which the Court granted.

Respondent filed an answer on November 9, 2012, and the case is now ready for

disposition.

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty

Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect

to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court has explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,'and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002)(per curiam)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the

6

correctness of the state court's decision." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

"[I]f this standard is difficult to meet, that is because it was meant to be." *Harrington*, 131 S. Ct. at 786. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from relitigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979))(Stevens, J., concurring in judgment)). Thus, a "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford*, 537 U.S. at 24. Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 131 S. Ct. at 786-87.

III. Discussion

A. Sufficiency of the Evidence

Petitioner's first claim asserts that there was insufficient evidence presented to support his felon in possession of a firearm conviction. Specifically, he contends that the prosecutor failed to present any evidence that he was convicted of a specified felony.

"[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). On direct review, review of a sufficiency of the evidence challenge must focus on whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original). In the habeas context, "[t]he *Jackson* standard must be applied 'with explicit reference to the substantive elements of the criminal offense as defined by state law.'" *Brown v. Palmer*, 441 F.3d 347, 351 (6th Cir. 2006) (quoting *Jackson*, 443 U.S. at 324 n.16).

"Two layers of deference apply to habeas claims challenging evidentiary sufficiency." *McGuire v. Ohio*, 619 F.3d 623, 631 (6th Cir. 2010), citing *Brown v. Konteh*, 567 F.3d 191, 204-05 (6th Cir. 2009)). First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown*, 567 F.3d at 205, citing *Jackson*, 443 U.S. at 319). Second, if the Court were "to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, [the Court] must still defer to the state appellate

8

court's sufficiency determination as long as it is not unreasonable." *Id.*

Petitioner does not challenged the sufficiency of the evidence that he possessed a

firearm. Rather, he asserts that there was no evidence offered to establish that he had a

qualifying felony to satisfy that element of the felon in possession of a firearm offense.

The record shows that towards the close of the prosecutor's case, the prosecutor

moved to admit an exhibit to show that Petitioner had a prior felony, and that Petitioner's

counsel stipulated to that fact:

> Prosecutor: Last thing is that I would move for the admission of proposed
> exhibit number 27. Which is the document certification for the . . . certified
> with the Great Seal of the State of Michigan, from Clerk Cathy Garrett, with
> regards to People versus Christopher Reed, Case number 92-184. . . .
>
> Defense Counsel: I don't mean to cut Mr. McClorey off–could we approach
> briefly, your Honor?
>
> The Court: Okay.
>
> Defense Counsel: Okay. Thank you, Judge.
> Side Bar
>
> The Court: Mr. McClorey, I understand that's a stipulation that you wish to put
> on the record?
>
> The Prosecutor: I understand counsel is willing to stipulate that his client is
> a convicted felon.
>
> The Court: That he had previously been convicted of a felony and had no
> right to be in possession of a firearm?
>
> The Prosecutor: That's correct.
>
> The Court: That is the stipulation. Okay.
>
> Defense Counsel: That's an accurate stipulation.

Tr. 10/15/04, pp. 32-33.

Under Michigan law, a stipulation may be used to establish that a defendant has

been convicted of a specified felony. *People v. Dupree*, 486 Mich. 693, 704 n. 12 (2010).

Indeed, state law directs prosecutors to accept a defendant's willingness to stipulate to the

fact that he was convicted of a specified felony in order to avoid any prejudice the

defendant might face if evidence of his conviction was presented to the jury. See *People*

*v. Swint*, 225 Mich. App. 353, 377-379 (1997). Because Petitioner here availed himself of

the opportunity to stipulate to this element and avoid the potential prejudice resulting from

more detailed evidence being presented to the jury regarding his prior felony conviction,

he can hardly complain that insufficient evidence was presented regarding his record. The

decision of the state appellate court was reasonable, and this claim does not present a

basis for granting habeas relief.


        B. Reasonable Doubt Jury Instruction

        Petitioner's second, third, fourth, and fifth claims all concern the jury instruction

defining the beyond a reasonable doubt standard used by the trial court in his case. His

second claim attacks the instruction itself. His third claim asserts that his counsel was

ineffective for failing to object to it. And his fourth and fifth claims assert that the state

courts unreasonably adjudicated the issue. All of these claims fail because the instruction

was not erroneous.

        "The government must prove beyond a reasonable doubt every element of a

charged offense." *Victor v. Nebraska*, 511 U.S. 1, 5 (1994) (citing *In re Winship*, 397 U.S.

358 (1970)). "[S]o long as the court instructs the jury on the necessity that the defendant's

guilt be proved beyond a reasonable doubt, the Constitution does not require that any

particular form of words be used in advising the jury of the government's burden of proof."

*Id.* at 5 (internal citation omitted). "Rather, 'taken as a whole, the instructions [must] correctly convey the concept of reasonable doubt to the jury.'" *Id.* at 5 (quoting *Holland v. United States*, 348 U.S. 121(1954)) (alteration in original).

The trial court instructed the jury regarding the prosecutor's burden of proof as follows:

> Reasonable doubt means exactly what the words signify, a doubt for which you can assign a reason for having.
>
> In other words, what you're asked to do is to bring your everyday knowledge, your everyday common sense, and your everyday experience with you. And you use that when you are determining the results of this matter.
>
> A reasonable doubt is a doubt for which you can assign a reason for having. A doubt that's based on reason and common sense. A fair, honest, and reasonable doubt.
>
> Now, a reasonable doubt is not a vain, fictitious, imaginary doubt. A hunch, a feeling, or a possibility of innocence. It's a doubt for which you can assign a reason for having.
>
> If you can say that you have an abiding conviction to a moral certainty, then you have no reasonable doubt, and you should convict. If you do not have an abiding conviction to a moral certainty, then you should acquit the defendant.
>
> Again, a reasonable doubt is a doubt that's based on reason and common sense. A fair, honest, and reasonable doubt. Not a flimsy, imaginary, fictitious doubt. A feeling, a hunch, or a possibility of innocence. That's not a reasonable doubt.

Tr. 10/18/04, pp. 7-8.

Petitioner has failed to show that the reasonable doubt instruction was improper or otherwise deprived him of a fundamentally fair trial. There was no error in the court's definition of a reasonable doubt as a doubt to which you could assign a reason. The instruction did not misstate the definition of "reasonable doubt" or shift the burden of proof

11

to the defense. In fact, the trial court specifically stated that Petitioner carried no burden at all, and that the prosecutor's burden never shifts.

Similarly, the trial court's use of the "moral certainty" language in the reasonable doubt instruction did not violate due process. While the United States Supreme Court in *Cage v. Louisiana*, 498 U.S. 39, 41 (1990), invalidated a jury instruction that defined reasonable doubt in terms of "grave uncertainty" and "actual substantial doubt" and required conviction based upon "moral certainty," the Court later limited that holding in *Victor*. In *Victor*, the Court ruled that the mere use of the term "moral certainty" in a jury instruction defining reasonable doubt by itself does not violate due process, because it merely impresses upon the jury the need to reach a subjective state of near certainty of guilt. *Victor*, 511 U.S. at 14-16. The Court further found that use of the term "moral certainty" in the challenged instruction did not violate due process because the instruction provided that the jurors had to have an abiding conviction as to the defendant's guilt, equated moral certainty with doubt that would cause a reasonable person to hesitate to act, and told the jurors to consider the evidence without indulging in speculation, conjectures, or unsupported inferences. *Id.* at 21-22, 114 S. Ct. at 1250-51. The Court distinguished the instruction in *Cage*, which failed to provide any explanation or meaning for the phrase "moral certainty." *Id.* at 21.

The Sixth Circuit has since held that the use of the term "moral certainty" does not automatically render a jury instruction on reasonable doubt fundamentally unfair. In *Austin v. Bell*, 126 F.3d 843 (6th Cir.1997), the Sixth Circuit ruled that a reasonable doubt instruction including the phrase "moral certainty" did not impermissibly lower the burden of proof because the instruction also provided that reasonable doubt was "an inability to let

the mind rest easily" after considering the evidence. *Id.* at 847. The court concluded that the "moral certainty" language, considered in light of the entire instruction, did not create a reasonable likelihood that the jury impermissibly applied the jury instruction. *Id.*

This case is consistent with *Victor* and *Austin*. The trial court's reasonable doubt instruction conveyed the proper degree of certainty for conviction to the jury, referring to an "abiding conviction" of guilt and equating moral certainty with a fair, honest, and reasonable doubt. The trial court had also explained that Petitioner was presumed innocent and that the burden of proof was on the prosecutor. Given such circumstances, Petitioner cannot establish that the reasonable doubt jury instruction impermissibly lowered the burden of proof or otherwise rendered his trial fundamentally unfair. Habeas relief is not warranted on his second claim.

Petitioner's third, fourth, and fifth claims also fail as a result. Petitioner's counsel was not ineffective for failing to object to a jury instruction that was not erroneous. *See Bradley v. Birkett*, 192 Fed. Appx. 468, 475 (6th Cir. 2006). And the Michigan Court of Appeals decision was not unreasonable where it reached the correct result. These claims therefore do not merit habeas relief.


C. Ineffective Assistance of Counsel

Petitioner's sixth claim asserts that his trial counsel was ineffective for failing to call his accomplice as a defense witness and that his appellate counsel was ineffective for failing to raise this issue during his direct appeal. These issues were raised in the trial court in Petitioner's motion for relief from judgment. The trial court denied the claim, finding that the overwhelming evidence of Petitioner's guilt prevented Petitioner from showing that he

13

was prejudiced by his counsel's failure to call this witness.

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id.* at 687. These two components are mixed questions of law and fact. *Id.* at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.*

With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id.* at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695.

Petitioner contends that his accomplice, Crispen, would have testified at trial that Petitioner was not involved in the crime, but that he had met Petitioner soon after the incident to pay off a debt. Petitioner argues that this explains why he was caught with the proceeds of the robbery.

The trial court found that defense counsel's decision not to call Crispin because he likely would not have been believed was a reasonable decision. The court also found that the overwhelming evidence of Petitioner's guilt prevented Petitioner from demonstrating prejudice:

> When the police, by happenstance, see two men walking in a residential area at 3:00 AM, approach to investigate, see one toss a gun, and both run in opposite directions, there was reasonable suspicion to suspect criminal activity. One of the men, later identified as the defendant was wearing red. As the police officer gave chase, he observed that the person is carrying what appears to be a bag. During the chase, the defendant throws the bag. When the item is retrieved, it is a flowered-printed pillow case. In the pillow case is a large of amount of money. It also contains two tools, described as pry bars, and a document with a local address. The address is within a block from where the two men are apprehended. Further investigation discloses that a home invasion and robbery had just occurred at the address contained on the document found in the pillow case. The victims described their assailants as wearing black and red. They reported that money was taken from the safe and placed in a "flowered" pillow case.
>
> For his actual innocence claim, defendant contends that he is a victim of circumstance. Essentially, contents defendant, he just happens to be in the area at about 3:00 AM because he was called to meet a person who owed him money. He just happens to be wearing a red sweatshirt or "hoodie". When he got to the area, the person who had called to pay the money gave him a pillow case that just happens to contain money, pry bars, and the address of robbery victims. The evidence in this case fully supports the convictions.

Opinion Denying Motion for Relief From Judgment, pp. 2-3.

Considering the deferential standard of review for claims adjudicated on the merits in the state court, Petitioner has not demonstrated entitlement to habeas relief based on

15

his ineffective assistance of counsel claims. As recently explained by the Supreme Court,

*Strickland* establishes a high burden that is difficult to meet, made more so when the

deference required by § 2254(d)(1) is applied to review a state court's application of

*Strickland*:

> "Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S.    ,    , 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690. Even under de novo review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.*, at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id.*, at 689; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at —. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at —, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Richter*, 131 S. Ct. at 788.

The opinion of the trial court, at a minimum, presents a "reasonable argument" that

Petitioner was not prejudiced by his counsel's failure to call Crispin as a witness for the

defense. Accordingly, the Court finds that the state court's adjudication of Petitioner's

16

ineffective assistance of counsel claims was not contrary to, nor did it involve an unreasonable application of, the clearly established Supreme Court standard. The petition will therefore be denied.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists could not debate this Court's resolution of Petitioner's claims, and will therefore deny a certificate of appealability. The Court will also deny Petitioner permission to proceed on appeal in forma pauperis because any appeal of this decision would be frivolous.

## V. Conclusion

Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

The Court further **DENIES** a certificate of appealability, and **DENIES** permission to proceed on appeal in forma pauperis.

**SO ORDERED.**


s/John Corbett O'Meara
United States District Judge


Date:  March 14, 2014

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 14, 2014, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager